**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE CANDIDO MORALES GUZMAN; MARIA MERCEDES MORALES MARTINEZ, | No. 07-72485 |
| Petitioners, | Agency Nos. A095-306-425<br>A095-306-426 |
| v. | MEMORANDUM [*] |
| ERIC H. HOLDER Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 16, 2010[**]

Before:    FERNANDEZ, GOULD, and M. SMITH, Circuit Judges.

Jose Candido Morales Guzman and Maria Mercedes Morales Martinez,

married natives and citizens of Mexico, petition for review of the Board of

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

JTK/Research

Immigration Appeals' order dismissing their appeal from an immigration judge's decision denying their applications for cancellation of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual determinations, *Urzua Covarrubias v. Gonzales*, 487 F.3d 742, 744 (9th Cir. 2007), and we deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's conclusion that petitioners were statutorily barred from establishing good moral character because petitioners admitted to paying a smuggler to drive themselves and their child, who also lacked documentation to legally enter the United States, across the border. *See* 8 U.S.C. §§ 1229b(b)(1)(B), 1101(f)(3); *Urzua Covarrubias,* 487 F.3d at 748-49 (substantial evidence supported determination that alien aided and abetted another alien's illegal entry into the United States). The family unity waiver of inadmissibility under 8 U.S.C. § 1182(d)(11) is not available to aliens seeking to establish good moral character for the purposes of cancellation of removal. *Sanchez v. Holder*, 560 F.3d 1028, 1032 (9th Cir. 2009) (en banc).

We lack jurisdiction to review the agency's discretionary denial of voluntary departure. *See* 8 U.S.C. §§ 1229c(f), 1252(a)(2)(B)(i). Petitioners' due process

claim regarding the denial of voluntary departure is not colorable. *See*

*Martinez-Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir. 2005).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**